IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARGARET DAY                                                                                    PLAINTIFF

V.                                                                         CAUSE NO.: 1:10CV91-SA-JAD

MAGNOLIA REGIONAL HEALTH SERVICES, INC.                                    DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this action alleging racial discrimination under Title VII and Section 1981 against her former employer, Magnolia Regional Health Services. Defendant has filed a Motion for Summary Judgment [36] asserting that Plaintiff cannot satisfy her burden under the McDonnell Douglas v. Green framework.

The Court has reviewed the motion, response, rules and authorities and finds as follows:

*Factual and Procedural Background*

Margaret Day was employed by Magnolia Regional Health Services for fifteen years, fourteen of which she served as second shift housekeeping supervisor. In 2008, the third shift supervisor resigned, and Plaintiff supervised the third shift as well as the second shift for approximately one month. At the end of that month, Plaintiff was permanently moved to the third shift supervisor position. Melvin Winston, Plaintiff's new African American supervisor, then hired Terri Travis, an African American female, to take over the second shift supervisor position.

In March 2009, Plaintiff was terminated on the grounds that she was not getting along with her African American coworkers, and on the basis that she made racist comments to other coworkers. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on June 22, 2009. After receiving her right to sue letter, Plaintiff initiated this complaint in April of 2010.

Defendant contends that Plaintiff cannot meet her prima facie burden to establish race discrimination, and that Plaintiff's only proof of discrimination is her subjective belief that she was terminated because she is Caucasian.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'…that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by…affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

"Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." Defenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1998) (quoting LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 n.2 (5th Cir. 1996)). Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In her Complaint, Plaintiff alleges that she was discriminated against based on her race. Plaintiff seeks to prove her case circumstantially; thus, the Court turns to the standards set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Under the McDonnell Douglas standard, Plaintiff must first establish a prima facie case of discrimination by establishing that she was (1) a member of a protected group; (2) qualified for the position she held; (3) that she suffered an adverse employment decision; and (4) was either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001). Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case. See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005).

It is undisputed that Plaintiff is a member of a protected group and qualified for the position she held. Plaintiff contends that she suffered two adverse employment decisions: (1) transfer from second shift supervisor to third shift supervisor, and (2) termination. As to her transfer from second

3

to third shift, Plaintiff was replaced by Terri Travis, an African American female outside Plaintiff's protected group. Thus, Plaintiff has satisfied her prima facie burden as to her transfer from second to third shift.

Plaintiff also contends that she was treated less favorably than Terri Travis by being terminated when Travis was disrupting the workplace but was not terminated. Plaintiff has not presented any evidence that Terri Travis caused any disruptions at work or was treated any more favorably. Moreover, Plaintiff has not shown how her and Travis were under "nearly identical circumstances," i.e., that Travis made racially derogatory comments and was not terminated. Okoye, 245 F.3d at 512-14. Therefore, Plaintiff failed to establish her prima facie case as to her termination. Regardless, as noted below, even assuming she had provided the "minimal showing" necessary to get past the prima facie stage, the Plaintiff has not produced evidence of pretext or intentional discrimination in her termination. See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996) (quoting Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 639 (5th Cir. 1985)).

Once a plaintiff has made her prima facie case, the defendant then has the burden of producing a legitimate, nondiscriminatory motive for the adverse employment action. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 F. App'x 321, 327 (5th Cir. 2009). The defendant's burden at this stage is merely one of production-not persuasion. Id.

Defendant asserts that Plaintiff was transferred to third shift from second shift because her past experience cleaning floors made her more qualified for the third shift than the newly hired Terri Travis.[1] Plaintiff testified that she knew how to "do floors." Indeed, Plaintiff admitted that cleaning

---

[1] The Magnolia Regional housekeeping third shift's primary duty was the cleaning of floors for the facility.

4

floors was a specialized area of housekeeping that required training. Otherwise, "[s]omebody will get hurt and you can mess up the floor," according to Plaintiff. Thus, Defendant has presented a sufficient legitimate non-discriminatory reason for Plaintiff's transfer.

As to Plaintiff's termination, Defendant's proffered reason for her dismissal was for failure to get along with African American co-workers and the use of racially provocative language in the workplace. As proof of the allegations, two co-workers, Debbie Shelton and Bobbie Dickey, filed statements with the human resources department that on several occasions, Plaintiff used the inflammatory "n-word" in general and in regards to Plaintiff's supervisor, Melvin Winston. Based on the submitted statements, Defendant has offered a legitimate non-discriminatory reason for terminating Plaintiff's employment.

If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's prima facie case disappears, and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The plaintiff must present substantial evidence that the employer's proffered reason is a pretext for discrimination. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). To show pretext on summary judgment, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

The Fifth Circuit in Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004), set forth a new "modified McDonnell Douglas approach" for pretext/mixed-motive cases at the summary judgment stage. 376 F.3d at 312. Like McDonnell Douglas, the Fifth Circuit's mixed-motive

5

analysis has three steps. The first two steps in this mixed-motive approach, prima facie case and legitimate, nondiscriminatory reason, are identical to the traditional McDonnell Douglas pretext analysis. However, in the final step, the Rachid court held that "the plaintiff must . . . offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead pretext for discrimination (pretext alternative) or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." Id. (citations omitted).

Plaintiff contends that Defendant's transfer of Plaintiff to third shift in order to make room for Terri Travis, a black female, is evidence that Plaintiff's race was a motivating factor fueling that employment decision. Plaintiff was the second shift supervisor for fourteen years. Second shift hours were from 3:30 pm until midnight, while third shift hours were from 9:00 pm until 5:30 am. On the second shift, Plaintiff supervised ten workers. Plaintiff only supervised two other employees on the third shift. Her employees commented that she was an excellent supervisor. In her fifteen years with Magnolia Regional, there is no evidence that Plaintiff was written up or disciplined in any way. Plaintiff did not want to be transferred to the third shift, but she was not given a choice of whether or not to accept the transfer. However, Plaintiff did not alert anyone to the fact that she did not want to be transferred to third shift. Indeed, Plaintiff admitted that Defendant's legitimate non-discriminatory reason was correct:

> Q:   And what you're saying Mr. Winston told you is he thought you could do the third shift job better than this new person could?
>
> A:   Yes, sir.
>
> Q:   Do you believe that's right? Do you believe you could do it better than Ms. Travis could have?

6

> A: Yes, sir.
>
> Q: You think you were more qualified than her?
>
> A: Yes, sir.

Plaintiff has failed to present any evidence that her transfer was racially motivated. There is no evidence that Plaintiff was transferred because she was Caucasian, or that the fact that she was Caucasian played any role in that decision to transfer. Plaintiff has not raised a genuine issue of material fact of whether her race played any part of the decision to transfer her to third shift in order to place an African American in the second shift position. Accordingly, Defendant's Motion for Summary Judgment [36] as to Plaintiff's transfer claim is granted.

Plaintiff has not met her burden under the third prong of the McDonnell Douglas framework regarding her termination either. Plaintiff speculates that Melvin Winston caused the employees to write out statements that Plaintiff made racially inflammatory comments in order to have a basis for her removal. Plaintiff has not presented anything other than unsubstantiated conclusions as to why her termination was racially motivated. Moreover, the record reflects that Magnolia Regional's human resources director, Regina Brown, a Caucasian woman, made the decision to terminate Plaintiff.

Although Plaintiff may subjectively believe that she was transferred because she was Caucasian or her African American supervisor set her up to be terminated, her subjective belief cannot alone establish that racial animus was either pretext for or a motivating factor in the Defendant's employment decision. See Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 807 (5th Cir. 2007) (finding that the plaintiff had not demonstrated she was treated more harshly than other employees and commenting on the fact that the plaintiff's claim was "supported solely by her

own self-serving affidavit"); Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000) (refusing to rely upon a plaintiff's subjective belief as to discriminatory intent); Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983) (noting that the Fifth Circuit is "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."). Further, "[o]ur job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decision." LaMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 391 (5th Cir. 2007).

In the end, Plaintiff simply offers no evidence to substantiate her allegation of discrimination. The Fifth Circuit has "recognized that generalized testimony by an employee regarding [her] subjective belief that [her] discharge was the result of . . . discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for [her] discharge." Elliott, 714 F.2d at 564. For these reasons, the Court finds that the Plaintiff's evidence is not "so persuasive as to support an inference that the reason [for Plaintiff's transfer and termination] was discrimination." Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000). Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's Title VII and Section 1981 claims of racial discrimination.

*Conclusion*

Plaintiff has not raised a genuine issue of material fact as to whether Defendant's decision to transfer her to third shift from second shift was racially motivated. However, Plaintiff has failed to establish her prima facie case as to her termination or present evidence that her termination was racially motivated or the result of intentional discrimination.

Accordingly, Defendant's Motion for Summary Judgment [36] is GRANTED.

SO ORDERED, this the 7th day of July, 2011.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**